UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIAN DAVIS,

               Plaintiff,

vs.                              Case No. 2:10-cv-178-FtM-29DNF

COLLIER COUNTY SHERIFF'S OFFICE;
COLLIER COUNTY GOVERNMENTAL COMPLEX;
KEVIN RAMBOSK; DWIGHT E. BROCK;
STEVEN B. RUSSELL; CYNTHIA ELLIS,

               Defendants.
_____

## ORDER OF DISMISSAL

### I.

This matter comes before the Court upon initial review of the file. Adrian Davis, a *pro se* plaintiff, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 on March 19, 2010.[1] Plaintiff seeks leave to proceed *in forma pauperis*. Doc. #2.

### II.

Pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(i)-(iii), the Court is required to review all actions or appeals to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who

---

[1] Although Plaintiff initiated this action on the standardized section 1983 form for prisoners initiating civil rights action, it appears Plaintiff was released from custody at the time he initiated this action. See docket; Complaint at 1 (leaving no response to question regarding place of current confinement).

is immune from such relief." Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal, 251 F.3d at 1349. The court recognizes that generally it is preferable to serve a *pro se* complaint before dismissing it as frivolous under § 1915A(b)(1). Williams v. Sec'y Dep't Corr., 131 Fed. Appx. 682, 686 (11th Cir. 2005). Nonetheless, when the Court finds from the "face of the complaint . . . that the factual allegations are clearly baseless or that the legal theories are indisputably meritless" the Court may dismiss the suit without further delay since such suits "unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense." Id. (quotations and citations omitted); Nietzke 490 U.S. at 327; Denton v. Hernandez, 504 U.S. 25, 32 (1992); Bilal, 251 F.3d at 1349.

The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent

standard than pleadings drafted by attorneys. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). And, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007)(abrogating Conley v. Gibson, 355 U.S. 41 (1957)). Additionally, the Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

### III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a

supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dept. of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

Here, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915e(2)(B)(ii). The allegations in the Complaint are entirely conclusory and there are no supporting facts whatsoever in violation of Fed. R. Civ. P. 8. See Complaint. Plaintiff names the following defendants: Kevin Rambosk, Collier County Sheriff; Dwight E. Brock, Collier County Clerk of Court; Stephen B. Russell, State Attorney; and Judge Cynthia Ellis. Id. at 6-7. However, the defendants' names do not appear within the body of the Complaint, thereby establishing no causal connection between the defendants and the alleged wrongdoing. Id. at 8-9. Thus, this action is subject to dismissal.

It appears Plaintiff initiated this action as a result of a criminal matter pending before the State court. Id. To the extent, Plaintiff names as Defendants a circuit court judge, Cynthia Ellis, the Collier County Clerk of Court, Dwight Brock, and the State Attorney, Stephen Russell for their respective roles, if any, in the handling of Plaintiff's criminal case, these Defendants are entitled to immunity. Judges are absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, providing such acts are not done in clear absence of all jurisdiction.

Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing Stump v. Sparkman, 435 U.S. 349, 356-357) (1978); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. (citing Stump, 435 U.S. at 356). Similarly, non-judicial officials, including clerks of court, are entitled to absolute immunity for "duties that are integrally related to the judicial process." Jenkins v. Clerk of Court, 150 Fed. Appx. 988, 990 (11th Cir. 2005). "Absolute quasi-judicial immunity for nonjudicial officials is determined by a functional analysis of their actions in relation to the judicial process." Id.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to: (1) terminate any pending motions; (2) enter judgment accordingly; (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __25th__ day of March, 2010.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record